BARNETTE, Judge
(dissenting).
I respectfully dissent.
The land in question before the taking for highway construction consisted of 37.82 acres of unimproved rural property. It was acquired by the present owner, Earless A. Babin by purchase evidenced by two deeds being the front and rear halves respectively, on January 23 and 26, 1960. The two deeds were filed for record at the same time. The purchase price as shown by the deeds was $492 per acre for the front half and $350 per acre for the rear half. The combined acreage was 36.6 acres according to the deeds and 37.828 acres according to the Highway Department survey. The aggregate purchase price was $15,405.00.
There is no dispute that the value of the property was enhanced by the plottage of the two parcels. The rear half was landlocked before it became a part of the whole. Thereafter the entire tract was *189 very irregular in shape, having a frontage of 240 feet on the 4 — H Club Road.
The highest and best use of the property is for residential use. However, at the time it was purchased by Mr. Babin it was unimproved and except for some timber cutting was in the same condition in 1965 when the Highway Department took 12.018 acres. Photographs filed in evidence show it to be heavily wooded with brush and palmetto palms and small timber.
In expropriation proceedings the landowner has the burden of proof of the value of the land at the time of the taking. He is required to discharge that burden with convincing proof, that is to a legal certainty and by a preponderance of evidence. Where his reliance is upon the opinions of experts their opinions must be supported by good reasons and sound logic based on specific factors and not mere speculation. LSA-R.S. 48:453; Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491 (1959); State, Through Department of Highways v. Monsur, 258 So.2d 162 (La.App. 3d Cir. 1972), writ refused 261 La. 463, 259 So.2d 914, (1972); State ex rel. Sewerage District No. 3 v. Bourgeois, 232 So.2d 872 (La.App. 4th Cir. 1970); State, Through Department of Highways v. New Orleans & Northeastern Railroad Company, 194 So.2d 429 (La.App. 1st Cir. 1966), writ refused 250 La. 261, 195 So.2d 144 (1967); State, Department of Highways v. Shelton, 192 So.2d 161 (La.App. 2d Cir. 1966), writ refused 250 La. 16, 193 So.2d 528 (1967).
It is my opinion that the landowner has not discharged the burden of proof in this case which the law clearly imposes upon him.
It seems incredible to me that unimproved land worth $15,405 in 1960 would increase in value to $66,000 in 1965 without any improvements having been made upon it nor any development in the area. Such phenomenal increase in value cannot be explained or justified merely by the unsupported judgment of an expert appraiser. This calls for a clear and convincing demonstration of causes and factors, circumstances or conditions which any reasonable person could recognize as having a bearing on the enhancement in value of the property. Mr. Williams did not make any such demonstration. It is of great significance, I think, that Mr. Williams apparently gave no consideration to the purchase price paid by Mr. Babin for the property only five years before. I can think of no use of comparable sales which does not include the sale to Mr. Babin of the very property in question.
The before-taking appraisal by H. Loren Willet used the comparable sales approach, as did Williams and the other appraisers, but he did include among them the two sales by which Mr. Babin acquired the property. His appraisal for the whole, before-taking was $24,546, an increase of some $9,000 on a $15,000 investment in five years. Even this seems quite improbable in the absence of improvements or other factors directly bearing upon real estate values in the area; but is obviously more realistic than an increase of $55,000.
In State of Louisiana, Through Department of Highways v. Clement, 311 So.2d 5, a companion case this day decided, we said:
“The opinions of all experts regarding value of property in expropriation proceedings, when well supported by evidence and grounded on substantial and logical reasoning, should be given consideration by the Courts. If they are equally well grounded and reasoned they are entitled to equal consideration. Lafayette Airport Commission v. Roy, 265 So.2d 459 (La.App. 3rd Cir. 1972), writ refused 262 La. 1159, 266 So.2d 444 (1972) ; Parish of East Baton Rouge v. S. & H. Heating Company, Inc., 216 So.2d 360 (La.App. 1st Cir. 1968).”
Incidentally the same four appraisers testified in both cases.
In this case the majority has observed that none of the comparable sales used by *190 any of the expert witnesses are truly comparable for the reasons stated. This seems to be a compelling reason to give prime consideration to the sale by which the property in question was acquired. Certainly no other sale is equally comparable for evidentiary purposes.
It is my opinion that Mr. Williams appraisal is utterly unrealistic and unsupported by any convincing evidence or reason. The appraisal of Mr. Willet, which took into account the purchase price of the property along with other considerations, is more soundly based and should have been given consideration by the Court.
The judgment fixing compensation based on the appraisal of Mr. Williams to the exclusion of all others was manifestly erroneous in that there is no evidence in the record to justify or support the unrealistic conclusion of that expert.
The effect of the judgment, which the majority has affirmed, results in a gross over-compensation to a landowner at the State’s expense. I cannot concur and therefore respectfully dissent.